UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
TRUSTEES OF THE LOCAL 138, 138A &
138B INTERNATIONAL UNION OF
OPERATING ENGINEERS WELFARE FUND,  ADOPTION ORDER
ANNUITY FUND, LEGAL FUND,  15-CV-4337 (ADS)(AYS)
VACATION FUND, APPRENTICESHIP
TRAINING FUND and TRUSTEES OF THE
CENTRAL PENSION FUND OF THE
INTERNATIONAL UNION OF OPERATING
ENGINEERS,
                Plaintiffs,

       -against-

BIMASCO, INC.,
               Defendants.
----------------------------------------------------------X

**APPEARANCES:**

**Pitta & Giblin LLP**
*Attorneys for the Plaintiffs*
120 Broadway
28th Floor
New York, NY 10271
    By: Jane L. Barker, Esq.
        Lauren Bonaguro, Esq.
        Vipin Pallickathu Varghese, Esq., Of Counsel

**SPATT, District Judge**.

      On July 24, 2015, the Plaintiffs Trustees of the Local 138, 138A & 138B International Union of Operating Engineers Welfare Fund, Annuity Fund, Legal Fund, Vacation Fund, Apprenticeship Training Fund; and Trustees of the Central Pension Fund of the International Union of Operating Engineers (collectively, the "Plaintiffs") commenced this action against Bimasco, Inc. (the "Defendants"). The Plaintiffs seek to recover unpaid benefit contributions pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132; and Section 301 of the Labor Management Relations Act of 1947 ("LMRA").

1

On December 30, 2015, the Plaintiffs moved for a default judgment.

On October 15, 2015, the Court referred the Plaintiffs' motion to United States Magistrate Judge Anne Y. Shields for a recommendation as to whether the default judgment should be granted and, if so, whether damages should be awarded.

On August 17, 2016, Judge Shields issued a report (the "R&R") recommending that (1) a default judgment is warranted and should be granted against the Defendant; (2) the Plaintiffs' request of $29,388.85 for unpaid contributions be granted; (3) the Plaintiffs' request of $840.71 for interest on unpaid contributions be granted; (4) the Plaintiffs' request of $5,877.77 for liquidated damages be granted; (6) the Plaintiffs' request for attorneys' fees of $2390.00 be granted; and (7) the Plaintiffs be awarded a total of $888.25 in other costs.

It has been more than fourteen days since the service of the R&R, and the parties have not filed objections.

As such, pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the R&R for clear error, and finding none, now concurs in both its reasoning and its result. See Coburn v. P.N. Fin., No. 13-CV-1006 (ADS) (SIL), 2015 WL 520346, at *1 (E.D.N.Y. Feb. 9, 2015) (reviewing Report and Recommendation without objections for clear error).

Accordingly, the R&R is adopted in its entirety. The Clerk of the Court is directed to enter judgment against the Defendant and for the Plaintiffs in accordance with the R&R, and to close this case.

**SO ORDERED.**
Dated: Central Islip, New York
September 30, 2016

                                                            _Arthur D. Spatt_
                                                       ARTHUR D. SPATT
                                            United States District Judge